RECEIVED
JAN - 4 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRUCE KINTRELL GREEN | DOCKET NO. 12-CV-2190; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN RICARDO MARTINEZ | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Bruce Kintrell Green, filed a petition for writ of habeas corpus in the captioned matter pursuant to 28 U.S.C. §2241 on August 15, 2012. Petitioner is an inmate in the custody of the Bureau of Prisons, and he is presently incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the manner in which the Bureau of Prisons is computing his sentence, and he seeks a speedier release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

On March 26, 2010, Petition pled guilty to possession with intent to distribute at least five grams of "crack" cocaine in violation of 18 U.S.C. §841(a)(1) and 841(b)(1)(B)(iii). He was sentenced to seven years of incarceration to be followed by supervised release. Petitioner filed a motion to reduce his sentence under 18 U.S.C. §3582. On June 6, 2010, the sentencing court reduced petitioner's sentence from seven years to six years of incarceration. [6:10-cr-10, W.D.Tex., Doc. #32] On August 20,

2012, Petitioner filed another motion seeking further reduction of his sentence due to an alleged error in not giving Petitioner credit for acceptance of responsibility in calculating his sentence. [6:10-cr-10, W.D.Tex., Doc. #32] The Court construed the motion as one brought under 28 U.S.C. §2255, and denied motion as untimely. [Id.] The Court noted that, even if the petition was timely, it would still fail because the denial of a three point reduction is not a cognizable error under Section 2255. [Id.]

On August 15, 2012, Petitioner filed the motion under Section 2241 that is before the Court. He alleges that, in October 2009, a motion to revoke probation was filed in Dallas County, Texas, and a "Blue Warrant" was issued for Petitioner's violation of parole in McLennan County, Texas. Petition was arrested on January 5, 2010. On January 28, 2010, while in state custody, Petition was "loaned" to the federal government pursuant to a Writ of Habeas Corpus Ad Prosequendum on the federal crack cocaine charges. He was convicted and sentenced on the federal charges on June 2, 2010, and was returned to Texas state custody on June 3, 2010.

Petitioner alleges that the Texas Department of Correction computed Petitioner's state sentence beginning on January 5, 2010 (date of arrest). On May 10, 2011, Petitioner was paroled from the State of Texas to United States Marshal Service custody for service of his federal sentence. [Doc. #1-3, p.6] Thus, Petitioner's federal sentence commenced on May 10, 2011. Petitioner claims that

he received no credit for the time in which he was loaned out to the federal officials - from January 28, 2010, through June 3, 2010. The exhibits submitted by Petitioner all state that Petitioner did receive credit toward his state sentence for the period of time that he is contesting.

## Law and Analysis

Petitioner is challenging the manner in which his sentence is being calculated; thus, his case is properly brought in a motion pursuant to 28 U.S.C. §2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. §2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").

Petitioner claims he is entitled to credit against his federal sentence for the time on which he was "borrowed" from state custody. However, 18 U.S.C. §3585(b) provides:

> Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. § 3585 (West 1998)(emphasis added). The statute clearly

authorizes credit only for time that has not been credited toward another sentence. See United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. See Wilson, 503 U.S. at 333-34. Generally, an inmate is not allowed credit toward his federal sentence if the prior custody time was credited toward his state sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983).

**A *writ of habeas corpus ad prosequendum* does not deprive the state authorities of jurisdiction over Petitioner.** Such a writ permits one sovereign (the federal government in this case) to temporarily "borrow" a person in the custody of another sovereign (the State of Texas in this case) for the purpose of prosecuting him. The writ permits the receiving sovereign to perform such acts as indicting, arraigning, trying and sentencing the person. See Flick v. Bevins, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam). As the receiving jurisdiction merely obtains limited jurisdiction over the person, the person remains under the jurisdiction and in the custody of the sending sovereign. A prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a *writ of habeas corpus ad prosequendum* if the prisoner received credit for such time on his

state sentence. See <u>Vignera v. Attorney General of the United States</u>, 455 F.2d 637, 638 (5th Cir. 1972). In this case, Petitioner did received credit against his state sentence for the period he spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum*.

To the extent that Petitioner asserts the Bureau of Prisons erred in refusing to make a *nunc pro tunc* designation of the state institution as the place at which his federal sentence was being served, he fails to state a claim for which relief can be granted. The decision as to whether to grant such a designation is within the discretion of the Bureau of Prisons. See <u>United States v. Wilson</u>, 503 U.S. 329, 331-32 (1992)(holding that the Attorney General, through the Bureau of Prisons, determines if credit will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences). In this case, after considering Petitioner's administrative grievance, the Bureau exercised its discretion to deny Petitioner's request for a nunc pro tunc designation. Additionally, the record reflects that the federal sentencing court was contacted; and, it confirmed on November 22, 2010, that it did not intend for any portion of Petitioner's federal sentence to run concurrent to his state sentence. [Doc. #1-3, p.10] See <u>Rodriguez v. Pitzer</u>, No. 03-40040 (5th Cir. Aug. 7, 2003) (holding that in the absence of any intent by the federal sentencing court that the sentences run

concurrently, the Bureau of Prisons acts within its discretion in refusing a request for a nunc pro tunc designation).

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

## *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 2nd day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE